Case 4:22-cv-00404-SDJ Document 1-4 Filed 04/20/22 Page 2 of 12 PageID #: 31

Filed 04/30/2021 1:44 PM
Cheryl Fulcher
District Clerk
Hopkins County, Texas
Cindy Caviness

CAUSE NO. CV44906

| | | |
|---|---|---|
| GOODWILL INDUSTRIES OF NE TEXAS, INC.-SULPHER SPRINGS, <br>     Plaintiff, | § § § § | IN THE DISTRICT COURT |
| vs. | § § | ____ JUDICIAL DISTRICT |
| LANDMARK AMERICAN INSURANCE COMPANY, <br>     Defendant. | § § § | HOPKINS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, GOODWILL INDUSTRIES OF NE TEXAS, INC.-SULPHER SPRINGS ("Goodwill"), files this its Original Petition against Defendant, LANDMARK AMERICAN INSURANCE COMPANY, and, in support of its causes of action, would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff, GOODWILL INDUSTRIES OF NE TEXAS, INC.-SULPHER SPRINGS, owns the property made the basis of this suit located at: 1320 Shannon Road W. Sulphur Springs, Texas 75482 in Hopkins County, Texas (the "**Property**").

2. Defendant, LANDMARK AMERICAN INSURANCE COMPANY ("Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and may be served by serving the Secretary of State who may then serve process upon the Senior Claims Officer of RSUI Group, Inc., at 945 East Paces Ferry Rd., Atlanta, Georgia 30326-1160 or his designee.

### II. DISCOVERY

3. Plaintiff intends to conduct discovery under Level 3 control plan pursuant to the Texas Rules of Civil Procedure.

### III. CLAIM FOR RELIEF

4. At this time, Plaintiff cannot assess accurately a definite limit to the damages it has sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration.

5. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $250,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## IV.     JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

7. Venue is proper in Hopkins County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.     FACTUAL BACKGROUND

8. Goodwill entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Goodwill's Property.

9. The agreement was drafted by Defendant and assigned Policy Number LHD905458 (the "**Policy**"). The Policy's effective date was from August 31, 2018 to August 31, 2019 (referred to as the "**Policy Period**").

10. Coverage under the Policy covers "direct physical loss of or damage to the Covered Property . . . resulting from any Covered Cause of Loss."

11. The Policy specifically provides that a covered cause of loss includes wind and hail storms.

12. On or about March 24, 2019 a massive hail storm swept through Northeast Texas and passed directly over Goodwill's Property.

13. Reports of golf ball size hail was recorded by a news outlet in which residents reported the hail covered most of their porch surfaces. The National Oceanic and Atmospheric Administration recorded hail up to 1.75 inches in diameter close to Goodwill's Property.



14. The exact location of record for the 1.75 inch diameter hail is slightly over 1.5 miles from the Property.

15. As a result of the massive hailstorm, Goodwill sustained significant damage to its Property that displaced protective granules from its roof, undisputedly damaged the metal fins to an AC unit, and resulted in water intrusion to the property.

16. Goodwill subsequently filed a claim under the Policy.

17. Defendant assigned the claim, claim number 7030154309 (referred to as the "**Claim**").

18. Shortly thereafter Defendant assigned the Claim to be handled by Engle Martin & Associates, Inc. Brian Debrowski was Defendant's general adjuster from Engle Martin & Associates.

19. Defendant's adjuster then retained Unified Building Science & Engineering, Inc. ("UBSE") to visit the site and research relevant weather data to determine whether there was covered damaged.

20. On February 4, 2021 UBSE visited the Property and examined the roof of the Property for hail damage.

21. UBSE recorded spatter marks on metal surfaces and the roof that shows a hail storm hit the roof less than two years from the date of its visit. UBSE documented spatter marks on the roof from 1 inch in size to nearly 1.5 inches.

22. UBSE even records damage to metal fins on an AC unit manufactured in 2017 that requires replacement.

23. Further, UBSE notes hail impact spots to the roof that displaced protective granules and exposed the second layer of the roof to UV light. As a result the exposed second layer of the roof has become weathered since the hail storm which occurred 21 months prior to UBSE's visit to the Property.

24. During a second visit to the Property on February 8, 2021, UBSE took samples of the roof that showed moisture was present between roof layers.

25. After visiting the Property UBSE produced its report to Defendant's adjuster and despite the obvious evidence of spatter marks that matched the hail from March 24, 2019, hail hits to the roof, hail damage to the AC unit manufactured in 2017, and recent water leaks, Defendant concluded that the cause for the damage was a hail storm on March 23, 2016.

26. UBSE provides only conclusory statements that non-storm related damage is the cause of the water intrusion but provides no evidence of why.

27. UBSE further attributes the interior water leaks to water ponding instead of the hail damage found to the roof. However, again, UBSE fails to explain how water ponding by itself causes water to penetrate the roof without some other cause that allows water to intrude into the roof membrane. UBSE does not state water ponding is detrimental to roofs and even comments that the ponding is typical for roofs.

28. UBSE concludes that the hail caused marks more closely match the 2016 storm due to the storm recording 1.3 inch diameter hail and based on its research that the 2019 storm only produced .08 inch diameter hail.

29. UBSE only relies on one source for hail size data and failed to properly research other resources to discover which storm produced what size hail. The National Oceanic and Atmospheric Administration record hail up to 1.75 inches on March 24, 2019 and local news stations confirmed at least golf ball sized hail fell that day. However, despite obvious and readily available information UBSE only used weather data that would not result in a covered loss under the Policy.

30. UBSE even cites to a source in its supplemental report that suggests using the storm events site provided by the National Oceanic and Atmospheric Administration but then fail to utilize the resource.

31. Defendant failed to perform a proper inspection of the Property and as a result improperly undervalued and misrepresented the Claim.

32. Defendant and its adjusters and engineers' unreasonable investigation led to the undervaluation of Goodwill's claim.

33. Moreover, Defendant and its adjuster performed an outcome-oriented investigation of Goodwill's claim, which resulted in a biased, unfair, and inequitable evaluation of Goodwill's losses for the covered Property.

### A. Policy Compliance

34. Goodwill fully complied with all requirements under the Policy to properly notify the Defendant of the loss to its covered property.

## VI. CAUSES OF ACTION

### A. Breach of Contract

35. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 to 34 of this petition.

36. Defendant entered into the Policy with Goodwill to cover direct physical loss of or damage to the Property caused by hail.

37. Goodwill's Property sustained damage during the Policy Period as a result of a severe hailstorm.

38. Defendant owed Goodwill the benefits under the Policy to pay for the reasonable and necessary costs to return the covered Property to its pre-loss condition.

39. Defendant breached the terms of the Policy by wrongfully denying the Claim.

40. Defendant has still not paid any of the benefits owed to Goodwill under the Policy.

41. As a result of Defendant's breach of the Policy, Goodwill has sustained actual damages and incurred reasonable and necessary attorney's fees to date.

### B. Insurance Code Violations

42. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 to 41 of this Petition.

*Prompt Payment of Claims Statute*

43. The failure of Defendant to pay for the losses and to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

44. Goodwill made a claim for covered losses under the Policy.

45. Defendant has not paid Goodwill the full amount of the covered loss owed to it under the Policy since Goodwill made its claim on January 27, 2021.

46. Goodwill, therefore, in addition to Goodwill's claim for damages, is entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

### 541 Insurance Code Violations

47. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

48. Defendant violated § 541.051 of the Texas Insurance Code by making statements misrepresenting the terms and/or benefits of the policy.

### Violation of § 541.060(a)(1):

49. Defendant violated § 541.060(a)(1) by misrepresenting to Goodwill a material fact relating to coverage at issue by undervaluing the damage to the Property.

50. Additionally, Defendant misrepresented that the damage to the Property was not covered based on the damage being from a prior hail storm that did not occur during the Policy Period.

51. Defendant had ample evidence showing the hail damage to the property was the result of the March 24, 2019 hail storm during the Policy Period after examining hail spatter marks, damage to an AC unit manufactured in 2017, recent leaks, and hail marks that correspond in size to the March 24, 2019 hail storm.

### Violation of § 541.060(a)(2):

52. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim as insurer's liability had become reasonably clear that the covered damage caused substantial damage to Goodwill's property.

53. Defendant did not fully research the weather events for the date of loss or intentionally ignored the weather data in order to reach the conclusion that Defendant was not liable for the loss.

54. Further, Defendant failed to explain its reasoning as to why the hail damage to the roof could not be from the March 24, 2019 hail storm and how the flashing and maintenance caused water intrusion. Instead, Defendant relies on conclusory statements such as water intrusion is "the result of water entering through flashing and maintenance-related conditions." No entrance of water due to the improper flashing or poor maintenance is recorded in UBSE's report.

*Violation of § 541.060(a)(3):*

55. Defendant violated § 541.060(a)(3) by failing to promptly provide Goodwill a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

56. As stated above, UBSE's reasoning for why the recorded damage is not due to the March 24, 2019 hail storm is strained and lacks evidence and research to support Defendant's conclusions.

57. Defendant denies water intrusion to the roof layers or the interior of the building is caused by the massive hail storm that occurred on March 24, 2019. UBSE comes to this conclusion despite hail marks at the Property matching in size to the recorded hail from that storm date, new leaks occurring, and water saturation being present in the roof at areas away from where UBSE attributes water leaks to improper flashing without providing evidence of any improper flashing.

*Violation of § 541.060(a)(7):*

58. Defendant violated § 541.060(a)(7) by refusing to pay Goodwill's Claim without conducting a reasonable investigation with respect to the Claim.

59. Defendant's engineers performed an outcome-oriented investigation and failed to reasonably investigate the damage to the Property by not researching multiple sources for

weather data even though UBSE itself cites sources suggesting utilizing several weather resources including the National Oceanic and Atmospheric Administration's database.

60. Additionally Defendant failed to reasonably investigate by attributing damage and water intrusion to maintenance issues even though UBSE recorded only one missing screw on the roof and failed to provide information as to why the roof's flashing was allowing water to enter.

61. Defendant violated § 541.061 by making an untrue statement of material fact that the March 24, 2019 hail storm was not the cause of the damage to the roof or the water intrusion despite all evidence to the contrary.

**C.    DTPA Violations**

62. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 to 61 of this Petition.

63. At all material times hereto, Goodwill was a consumer who purchased insurance products and services from Defendant.

64. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

65. Defendant violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendant took advantage of Goodwill's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

66. Defendant took advantage of Goodwill's lacking of roofing and legal expertise in an effort to limit its liability for the obvious hail damage to the Property that was covered under the Policy.

67. Upon information and belief, Defendant knowingly committed the acts complained of. As such, Goodwill is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## D. Breach of The Duty of Good Faith and Fair Dealing

68. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 to 67 of this Petition.

69. Goodwill and Defendant entered into a valid and enforceable insurance policy.

70. Defendant owed Goodwill the common law duty of good faith and fair dealing.

71. Defendant breached the common law duty of good faith and fair dealing by wrongfully denying the Claim and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

72. Defendant failed to investigate the covered damage in a reasonable manner such as ignoring weather resources to determine whether the March 24, 2019 hailstorm caused damage to the Property. Defendant additionally failed to reasonably investigate the Property by attributing water intrusion to non-hail related damage without explaining how the roof's flashing and maintenance was the cause.

73. Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally or with gross negligence.

74. Defendant was aware at all times that its actions would result in the denial or underpayment of Goodwill's Claim and cause extraordinary harm associated with Goodwill's Claim.

75. As a result of Defendant's acts and omissions, Goodwill sustained actual damages.

## VII. ATTORNEY'S FEES

76. Plaintiff reasserts and realleges the allegations set forth in paragraphs 8 to 75 of this petition.

77. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

78. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the

claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

79. Plaintiff further prays that it be awarded all reasonable attorney's fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

80. Plaintiff further prays it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VIII. CONDITIONS PRECEDENT

81. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## IX. DEMAND FOR JURY

82. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X. DISCOVERY REQUESTS

83. Pursuant to Rule 194, you are required to disclose, within thirty (30) days after filing an Answer herein, the information or material described in Rule 194.2(b)1–12.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recovers actual damages and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Preston J. Dugas III*

>Preston J. Dugas III
>State Bar No. 24050189
>preston@pjdlawfirm.com
>
>**PRESTON DUGAS LAW FIRM, PLLC**
>1701 River Run, Suite 703
>Fort Worth, Texas 76107
>Telephone: (817) 945-3061
>Facsimile: (682) 219-0761
>**Attorney for Plaintiff**